

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-12-2002

# Friedrich v. Cadle Co

Precedential or Non-Precedential:

Docket No. 01-2583

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Friedrich v. Cadle Co" (2002). *2002 Decisions.* Paper 271.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/271

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 01-2583
_____

JAMES S. FRIEDRICH,

Appellant

v.

THE CADLE COMPANY, an
Ohio Corporation
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
D.C. Civil No. 00-cv-00450
District Judge:  The Honorable Sylvia H. Rambo
_____

Submitted Under Third Circuit LAR 34.1(a)
April 9, 2002
_____

Before: McKEE, BARRY, and ALARCON, Circuit Judges

(Opinion Filed: April 12, 2002 )
_____

OPINION
_____


BARRY, Circuit Judge
     This is a dispute about the post-judgment conduct of a creditor seeking to enforce a
judgment.  In 1994, The Cadle Company obtained a judgment against James S. Friedrich
on three defaulted promissory notes in the amount of $191,422.79.  Almost eight years
later, the bulk of the judgment, plus interest, remains unpaid.  In March 2000, Friedrich
commenced this action seeking an injunction and alleging (1) that Cadle has not availed
itself of the remedial procedures contained in the promissory notes; (2) that Cadle has not
attempted to obtain possession of the notes; and (3) that Cadle has failed to make any
effort to collect amounts due under a collateral assignment executed by Friedrich on the
notes.  On May 21, 2001, the District Court granted Cadle's motion for summary
judgment.  We have jurisdiction over Friedrich's appeal pursuant to 28 U.S.C.   1291 and
will affirm.
     In granting summary judgment in favor of Cadle, the District Court held that the
allegations contained in the First Amended Complaint, standing alone, could not defeat
summary judgment, that there was no evidence in the record suggesting that Cadle had
failed to satisfy its obligations under the notes or had engaged in improper behavior, and
that the Court would not entertain Friedrich's efforts to re-open the 1994 litigation
because the time for challenging that judgment had long since passed.
     We exercise plenary review over the District Court's grant of summary judgment,
and apply the well-settled standards for summary judgment:  The burden is on the moving
party to demonstrate that there are no genuine issues of material fact and that it is entitled
to judgment as a matter of law.  Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc.,
477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Bailey v. United

Airlines, 279 F.3d 194, 198 (3d Cir. 2002). We review the record in the light most favorable to the non-moving party. A non-moving party, however, "will not be able to withstand a motion for summary judgment merely by making allegations; rather, the party opposing the motion must go beyond its pleadings and designate specific facts by use of affidavits, depositions, admissions, or answers to interrogatories showing there is a genuine issue for trial." In re Ikon Office Solutions, Inc., 277 F.3d 658, 666 (3d Cir. 2002).

Friedrich's contentions on appeal can be generally broken down into three categories. First, Friedrich claims that the allegations in his complaint and the corresponding denials in Cadle's answer preclude summary judgment. Friedrich is wrong as the above-quoted language from Ikon Office Solutions makes abundantly clear.

Second, Friedrich points to some deposition testimony relating to the process by which Cadle acquired the notes and the compensation allegedly paid to the predecessor in interest of the notes. This evidence cannot defeat summary judgment because, as the District Court found, it is not material to the allegations of post-judgment misconduct by Cadle, and is simply a belated effort by Friedrich to re-litigate the 1994 judgment against him.

Finally, Friedrich points to deposition testimony which he contends demonstrates that Cadle failed to comply with its obligations under the notes. This testimony is unavailing for several reasons. First, the promissory notes themselves do not impose an obligation on Cadle to go after any supposed collateral prior to obtaining and enforcing a judgment the result of Friedrich's default. Second, Friedrich admitted in his deposition that he did not know what Cadle did or did not do in seeking to collect the monies due. Third, there is simply no evidence suggesting that Cadle engaged in any post-judgment fraud or other wrongdoing. Instead, the record indicates that Cadle attempted to collect on the notes and explored other avenues of compensation. Indeed, it is undisputed that Cadle determined that two of the notes were worthless, and that Cadle received only $6,568.48 in proceeds from the sale of the partnership the subject of the third note.

For all of the foregoing reasons, we will affirm the order of the District Court granting summary judgment in favor of Cadle.

TO THE CLERK OF THE COURT:
Kindly file the foregoing Opinion.

/s/ Maryanne Trump Barry
Circuit Judge